UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ENJOLI PESSANHA-MAULE, <br><br>           Plaintiff, <br>     v. <br><br> PIERCE COUNTY et al., <br><br>           Defendants. | CASE NO. 3-24-cv-05601-DGE <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 17) |

This matter comes before the Court on Plaintiff's motion for partial summary judgment on comparative fault. (Dkt. No. 17.) After reviewing the record and the parties' briefing, the Court GRANTS Plaintiff's motion for the reasons discussed herein.

## I     BACKGROUND

Plaintiff is suing Pierce County, Nouhoum Sidibe, and ten other Pierce County employees as guardian and conservator for Nathaniel Woods. (Dkt. No. 1 at 3.) The basic, undisputed facts are as follows.

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 17) - 1

1   On July 28, 2022, Woods pleaded guilty in two criminal cases in Pierce County Superior
2   Court, including failure to register as a sex offender. (*Id*. at 4; Dkt. No. 20-2 at 2.) At the time,
3   Woods was in custody and assigned to Unit 3E-A at Pierce County Jail. (Dkt. Nos. 20-5 at 4;
4   20-6 at 3.) Woods had underlying convictions including rape of a child. (Dkt. No. 20-2 at 2.)

5   After his court hearing on July 28, 2022, Plaintiff asserts Woods returned to the jail with
6   paperwork showing his underlying conviction for rape of a child. (Dkt. No. 1 at 4.) Defendants
7   deny this allegation due to lack of information, but for purposes of this motion do not appear to
8   identify any facts challenging the veracity of this allegation. (*See* Dkt. Nos. 9 at 4; 19 at 2–6.)

9   Court employees estimate inmates assault other inmates because of their record as a sex
10  offender at least once a month. (Dkt. No. 21-2 at 13.) Within 24 hours of Woods's guilty plea,
11  inmates discovered his court paperwork with his criminal history record. (Dkt. No. 21-1 at 10 at
12  3.) Another inmate, Samuel Stacy, then attacked and severely injured Woods. (*Id*. at 10–11.)
13  Plaintiff now brings a 42 U.S.C. § 1983 for a violation of the Eighth Amendment as well as a
14  claim for common law negligence arising out of Defendants' failure to protect Woods from this
15  attack. (Dkt. No. 1 at 6–7.)

16  In response, Defendants raised a variety of defenses including comparative fault. (Dkt.
17  No. 9 at 7.)[1] Plaintiff moved for summary judgment on Defendants' comparative fault defense.
18  (Dkt. Nos. 17, 22.) Defendants respond Plaintiff's common law negligence claim must first be
19  decided before comparative fault can be considered. (Dkt. No. 19 at 1–2.)

**II   DISCUSSION**

**A. Legal Standard**

---

[1] Defendants only assert their comparative fault defense against Plaintiff's common law negligence claim. (Dkt. No. 19 at 6, n.1.)

1       Defendants moved for partial summary judgment under Federal Rule of Civil Procedure 56. (Dkt. No. 17 at 5.) Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).

      There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"); *see also* Fed. R. Civ. P. 56(e). A moving party can use an "absence of evidence" by the nonmoving party to show no genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Id*. at 253; *T.W. Elec. Serv. Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

      The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

1 to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson,*
2 *supra*).  Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts"
3 will not be "presumed."  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

4     **B.  Analysis**

5     Defendants argue the Court must first determine whether Plaintiff asserts a plausible
6 claim for negligence before the Court can rule on whether "Woods'[s] failure to ask for
7 protective custody amounted to comparative fault."  (Dkt. No. 19 at 8.)  Defendants argue
8 comparative fault is inextricably linked to the element of duty in Plaintiff's negligence claim.
9 (*Id*.)  But Defendants provide no argument, much less a citation, explaining why their duty to
10 Woods must be first be established.

11     While Defendants do not explicitly rely on this rule, Federal Rule Civil Procedure 56(d)
12 governs the deferral of motions for summary judgment.  "A party requesting a continuance
13 pursuant to Rule 56[(d)] must identify by affidavit the specific facts that further discovery would
14 reveal, and explain why those facts would preclude summary judgment."  *Tatum v. City & Cnty.*
15 *of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).  Defendants argue only that they intend
16 to file for summary judgment and if they win on the negligence claim, there is no need to even
17 consider this defense.  (Dkt. No. 19 at 8.)  Defendants make no statement they are awaiting facts
18 in support of their comparative fault defense.  Therefore, the fact Plaintiff moved for summary
19 judgment on comparative fault before the Court considered Plaintiff's negligence claim is
20 irrelevant.

21     Comparative fault is not a defense when the alleged initial perpetrator has a nondelegable
22 duty to protect the alleged injured individual.  In Washington, a jailer has a nondelegable duty to
23 "'protect an inmate from injury by third parties and jail employees.'"  *Anderson v. Grant Cnty.*,
24

539 P.3d 40, 46 (Wash. Ct. App. 2023) (quoting *Gregoire v. City of Oak Harbor*, 244 P.3d 924, 932 (Wash. 2010) (plurality opinion) (Madsen, J., concurring/dissenting). Thus, "[a]llowing a jail to shed its duty to protect an inmate through . . . comparative fault violates public policy." *Id*. at 47; *see also Meagher v. King Cnty.*, No. C19-0259 JLR, 2020 WL 3872744, at *14 (W.D. Wash. Jul. 9, 2020) (rejecting a comparative fault defense where an inmate is attacked by another inmate); *Tapia v. NaphCare Inc.*, No. C22-1141-KKE, 2025 WL 296575, at *4 (W.D. Wash. Jan. 24, 2025) (rejecting a comparative fault defense where an inmate alleges negligent medical care). Defendants do not rebut this nondelegable duty by the jail. Rather, Defendants devote their response to arguing Defendants did not have a duty to Woods—an issue not presently before the Court. Because comparative fault cannot be a defense where an inmate is harmed even by another inmate, the Court grants Plaintiff summary judgment on Defendants' affirmative defense of contributory negligence.

### III    CONCLUSION

Accordingly, and having considered Plaintiff's motion for partial summary judgment, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Plaintiff's motion for summary judgment on comparative fault (Dkt. No. 17) is GRANTED.

Dated this 7th day of October, 2025.

David G. Estudillo
United States District Judge