UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ENJOLI PESSANHA-MAULE,<br><br>Plaintiff,<br>v.<br><br>PIERCE COUNTY et al.,<br><br>Defendants. | CASE NO. 3:24-cv-05601-DGE<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF ELMER DICKENS (DKT. NO. 24) |

This matter comes before the Court on Plaintiff's motion to exclude the testimony of defense expert, Elmer Dickens. (Dkt. No. 24.) For the reasons discussed herein, this motion is GRANTED.

## I BACKGROUND

For purposes of this order, the Court presumes reader familiarity with the facts of this case (*see* Dkt. Nos. 1; 23) and details only a brief factual background. Nathaniel Woods and Samuel Stacy were both inmates at Pierce County Jail in the same group cell. (Dkt. Nos. 20-5 at 4; 20-6 at 3.) Woods went to court on June 28, 2022 and returned with paperwork indicating,

among other offenses, a conviction for rape of a child from when Woods was 12 or 13 years old. (Dkt. Nos. 1 at 4.) Other inmates found the paperwork while Woods was showering. (Dkt. No. 21-1 at 10.) Stacy then attacked Woods when he returned from the shower. (*Id*. at 11.) The deputy on shift, Nouhoum Sidibe, went to intervene but the attack did not end until after Plaintiff suffered significant injury. (*Id*. at 12–13.) Plaintiff, on behalf of Woods as his full guardian and conservator, now sues Pierce County and Sidibe for negligence and violations of the Eighth Amendment. (Dkt. No. 1 at 6–7.)

On November 11, 2025, Plaintiff moved to exclude the testimony of one expert witness disclosed by Defendants, Elmer Dickens. (Dkt. No. 24.) The matter is fully briefed. (Dkt. Nos. 29, 30.)

**Dickens's qualifications:** Dickens has thirty years of experience in and around jails. Dickens worked as a corrections officer in the Oregon State Penitentiary from 1990 until 1992 and as a law clerk working on Department of Corrections "legal issues" for the Oregon Department of Justice, General Counsel Division from 1995 until 1996. (Dkt. No. 25-1 at 3.) Dickens graduated from law school in 1997 and in 1999 became Senior Assistant County Counsel for Washington County, Oregon, where he advised the sheriff and other staff "on corrections and enforcement issues," worked on "policies for corrections and enforcement divisions," and "provide[d] training for corrections and law enforcement issues." (*Id*. at 2.) He also took on part-time roles as an Adjunct Professor teaching on "policing and corrections," worked as an Agency Loan Instructor with the Oregon Department of Public Safety Standards and Training, served as General Counsel for the Oregon State Sheriffs Association, and became President of ELSI Legal LLC. (*Id*. at 2–3.)

Notwithstanding Dickens's professional experience, Dickens admits he is not a jail "classification expert" and that he would not "feel comfortable second-guessing a classification sergeant's decision" as "it seems like that's a little bit beyond [his] scope." (Dkt. No. 25-2 at 15.) In fact, Dickens has never been directly involved in classifying inmates. (*Id*. at 18, 19–21.) Dickens could not recall ever providing any trainings specifically related to classifications or "ever litigating a case simply about classifications." (*Id*. at 26–27.)

**Dickens's Opinion(s).** Dickens opines that the "Pierce County Jail has appropriate policies in place, and their use of the Northpointe classification system is well within the bounds of an accepted correctional practice." (Dkt. No. 25-3 at 17.) He also opines that "[c]lassifying two people (Woods and Stacy) as High Medium based upon their prior violent felony convictions and institutional behavior was an acceptable correctional practice." (*Id*.) Dickens defines "acceptable correctional practices" as "practices that an objectively reasonable correctional administrator would adopt that comply with required standards and binding law." (*Id*. at 5.) According to Dickens, "the policies and practices of the Pierce County Jail and Deputy Sidibe were well within the bounds of appropriate correctional practices[.]" (*Id*. at 17.) Furthermore, "Sidibe simply did not have any information from which to draw an inference that inmate Stacy presented an imminent threat to inmate Woods' safety." (*Id*.)

Defendants acknowledge that Dickens may not opine on "whether Pierce County violated the Eight Amendment or State tort law" because such opinions "would be an inadmissible legal conclusion." (Dkt. 29 at 6.)

## II DISCUSSION

### A. Legal Standard

Federal Rule of Evidence 702 provides that an expert witness "may testify in the form of an opinion or otherwise" if their expertise "will help the trier of fact to understand the evidence or to determine a fact in issue," the proffered testimony "is based on sufficient facts or data" and "is the product of reliable principles and methods," and "the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The party that seeks to offer expert testimony to the trier of fact "has the burden of showing the admissibility of the testimony by a preponderance of the evidence." *Spearman Corp. Marysville Div. v. Boeing Co.*, No. C20-13RSM, 2022 WL 11823467, at *1 (W.D. Wash. Oct. 20, 2022). The Court's role is to act as a gatekeeper and "to ensure the reliability and relevancy of expert testimony." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). "The test for reliability, however, 'is not the correctness of the expert's conclusions but the soundness of his methodology.' And, reliable testimony must nevertheless be helpful." *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1318 (9th Cir.1995)) (internal citation omitted). The Ninth Circuit has cautioned district courts from weighing expert "conclusions or assum[ing] a factfinding role." *Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1020 (9th Cir. 2022). The Court "is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969–70 (9th Cir. 2013).

The Federal Rules of Civil Procedure impose additional requirements for expert witnesses. Rule 26(a)(2) requires the parties to disclose experts that they "may use at trial," and "this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). The expert report must also include "a complete statement of all

opinions the witness will express and the basis and reasons for them," as well as the facts relied upon by the expert to reach their conclusions. *Id.* Experts required by the Rules to disclose their expert reports must disclose such testimony "at least 90 days before the date set for trial." Fed. R. Civ. P. 26(a)(2)(D)(i). However, if the expert is employed solely to "rebut evidence on the same subject matter" addressed by another expert witness, they need only disclose their report "within 30 days after the other party's disclosure." Fed. R. Civ. P. 26(a)(2)(D)(ii). Failure to comply with these requirements may lead the expert report to be stricken "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

**B. Analysis**

Dickens is not qualified to offer opinions about the Pierce County Jail's classification system. Dickens acknowledges he (1) is not an inmate classification expert, (2) has never held employment in which he classified inmates or was involved in classifying inmates, (3) has never provided training on inmate classification, and (4) has never litigated a case focused specifically on inmate classification. (Dkt. No. 25-2 at 15, 18–21, 26–27.) Dickens, therefore, has no basis to offer opinions about whether the Pierce County Jail has appropriate classification policies in place or whether such policies and procedures are "within the bounds of an accepted correctional practice." Simply put, Dickens's opinions are not reliable.

Dickens also inappropriately seeks to offer legal opinions. His principal opinion is that the Pierce County Jail's actions, in classifying Woods and Stacy as "High Medium" and placing them together, "was an acceptable correctional practice." (Dkt. No. 25-3 at 17.) This means, according to Dickens, the Pierce County Jail's practices complied with "required standards and binding law"—a legal opinion. (*See id*. at 5) (defining acceptable correctional practices as "practices that an objectively reasonable correctional administrator would adopt that comply

with required standards and binding law"). Similarly, Dickens' opinion that "Sidibe simply did not have any information from which to draw an inference that inmate Stacy presented an imminent threat to inmate Woods' safety" goes to the ultimate question of fact that the trier of fact will be asked to determine; it, therefore, is an inappropriate opinion.

Accordingly, Dickens's offered expert testimony is excluded.

**III ORDER**

Having considered Plaintiff's motion to exclude the testimony of Elmer Dickens (Dkt. No. 24), the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Plaintiff's motion to exclude (Dkt. No. 24) is GRANTED.

Dated this 14th day of January, 2025.



David G. Estudillo
United States District Judge